<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 06-4401**

───────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIAM HENRY MULDROW, a/k/a William Cooper,
a/k/a Willie, a/k/a Fred Washington,

Defendant - Appellant.

───────────────

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Alexander Williams, Jr., District Judge.
(8:03-cr-00555-AW)

───────────────

Submitted:  August 22, 2007        Decided:  September 4, 2007

───────────────

Before NIEMEYER, GREGORY, and DUNCAN, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Joseph J. Gigliotti, Silver Spring, Maryland, for Appellant.  Rod
J. Rosenstein, United States Attorney, Emily N. Glatfelter,
Assistant United States Attorney, Greenbelt, Maryland, for
Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Henry Muldrow, a/k/a William Cooper, a/k/a Willie, a/k/a Fred Washington, pled guilty to conspiracy to distribute and possess with intent to distribute five or more grams of cocaine base and a quantity of oxycodone, in violation of § 21 U.S.C. § 846 (2000). He was sentenced to 235 months of imprisonment. On appeal, Muldrow contends that the district court erred in denying his motion to withdraw his guilty plea. We affirm.

A defendant seeking to withdraw a guilty plea prior to sentencing must demonstrate a "fair and just reason" for withdrawal. Fed. R. Crim. P. 11(d)(2)(b); United States v. Bowman, 348 F.3d 408, 413 (4th Cir. 2003). This court closely scrutinizes the Rule 11 colloquy and attaches a strong presumption that the plea is final and binding if the Rule 11 proceeding is adequate. United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995); United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992).

Here, the transcript of the Rule 11 proceeding demonstrates compliance with the Rule and supports the district court's finding that Muldrow's guilty plea was counseled, knowing, and voluntary. Muldrow argues on appeal that it was his implicit understanding that he would be incarcerated for twelve to fourteen years. The record clearly discloses, however, that the court ensured that Muldrow understood that the parties jointly

recommended a sentence of 235 months, the sentence he ultimately received. To the extent that Muldrow contends that he did not understand the sentence expressed in months, rather than years, the district court stated that it conducted "an extensive Rule 11 colloquy" and determined that Muldrow's decision to plead guilty was knowing and voluntary. See Lambey, 974 F.2d at 1394 (applying strong presumption of validity to plea if Rule 11 colloquy proper).

We find that the district court did not abuse its discretion in finding that Muldrow failed to meet his burden of showing a fair and just reason for withdrawing his guilty plea. Accordingly, we affirm the district court's denial of Muldrow's motion to withdraw his plea and therefore affirm his conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED